# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**PRETIA A. ROZIER,**

      **Plaintiff,**

**vs.**                           **Case No. 4:21cv250-MW-MAF**

**DEBRA HUNTER, HOUSING AUTHORITY OF BREVARD COUNTY,**

      **Defendant.**

_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a civil rights complaint, ECF No. 1, and a motion for leave to proceed in forma pauperis, ECF No. 2. Plaintiff's motion has been reviewed and, because good cause has been shown, the motion is granted. Plaintiff is not required to pay the filing fee for this litigation.

Plaintiff's complaint has now been reviewed to determine if it is ready for service of process and to ensure that this Court has jurisdiction over this action. Plaintiff complains that Defendant Hunter, a representative with the Housing Authority of Brevard County, Florida, has violated the Fair Housing

Act due to discrimination.  ECF No. 1 at 6.  She alleges that after

Defendant Hunter approved her application to rent a 3-bedroom unit, the

Defendant has not provided keys to the rental unit despite depositing a

$350.00 deposit.  *Id.* at 5.  Further, Plaintiff states that Defendant Hunter is

refusing to rent any property to Plaintiff in the future.  *Id.*  Plaintiff seeks

injunctive relief as well as monetary damages for emotional distress.  *Id.* at

6.

Defendant Hunter's address is in Merritt Island, Florida, which is

within Brevard County.  The property at issue in this case is located in

Mims, Florida, *see* ECF No. 1 at 12, which is also located in Brevard

County.  Brevard County is not within the territorial jurisdiction of this Court;

it is within the Middle District of Florida.

The venue statute provides that a civil action may be brought in "a

judicial district in which any defendant resides, if all defendants are

residents of the State in which the district is located" or in "a judicial district

in which a substantial part of the events or omissions giving rise to the

claim occurred . . . ."  28 U.S.C. § 1391(b)(1),(2).  This case was filed in the

wrong district.  Venue appears to be appropriate in the Middle District of

Florida because the Defendant resides there, Plaintiff's claim concerns

Case No. 4:21cv250-MW-MAF

property located in Brevard County, and decisions made concerning that property appear to have been made there as well.  The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). Justice is better served by transferring this case to the appropriate forum rather than dismissing it.   There is no need for a hearing prior to directing transfer.

Case No. 4:21cv250-MW-MAF

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion for in forma pauperis status, ECF No. 2, is

**GRANTED**.

2.  The Clerk of Court shall file the complaint without requiring

payment of the filing fee.

## <u>RECOMMENDATION</u>

Pursuant to 28 U.S.C. §§ 1406(a), it is respectfully **RECOMMENDED**

that this case be transferred to the United States District Court for the

Middle District of Florida, Orlando Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 25, 2021.


 S/     Martin A. Fitzpatrick                       
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:21cv250-MW-MAF

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**